UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| CHARLIE LEWIS THORNTON JR., <br><br> Plaintiff, <br><br> vs. <br><br> CARROLL INSTITUTE, <br><br> Defendant. | 4:19-CV-04084-KES <br><br><br> ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL AND REQUIRING AN INTIAL PARTIAL FILING FEE |

Plaintiff, Charlie Lewis Thornton, Jr., filed a pro se civil rights lawsuit under 42 U.S.C. § 1983. Docket 1. This court granted defendant's motion for summary judgment and entered judgment in favor of defendant. Dockets 43, 44. Now, Thornton filed a notice of appeal and moves for leave to proceed in forma pauperis. Dockets 45, 46.

Under the Prison Litigation Reform Act (PLRA), a prisoner who "files an appeal in forma pauperis . . . [is] required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). This obligation arises " 'the moment the prisoner . . . files an appeal.' " *Henderson v. Norris*, 129 F.3d 481, 483 (8th Cir. 1997) (quoting *In re Tyler,* 110 F.3d 528, 529–30 (8th Cir. 1997)). " 'When an inmate seeks pauper status, the only issue is whether the inmate pays the entire fee at the initiation of the proceedings or over a period of time under an installment plan.' " *Id.* (quoting *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997)). "[P]risoners who appeal judgments in civil cases must sooner

or later pay the appellate filing fees in full." *Id.* (citing *Newlin v. Helman*, 123 F.3d 429, 432 (7th Cir. 1997)).

In *Henderson*, the Eighth Circuit set forth "the procedure to be used to assess, calculate, and collect" appellate filing fees in compliance with the PLRA. 129 F.3d at 483. First, the court must determine whether the appeal is taken in good faith. *Id.* at 485 (citing 28 U.S.C. § 1915(a)(3)). Then, so long as the prisoner has provided the court with a certified copy of his prisoner trust account, the court must "calculate the initial appellate partial filing fee as provided by § 1915(b)(1), or determine that the provisions of § 1915(b)(4) apply." *Id.* The initial partial filing fee must be 20 percent of the greater of:

(A) the average monthly deposits to the prisoner's account; or
(B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.

28 U.S.C. § 1915(b)(1). Nonetheless, no prisoner will be "prohibited from . . . appealing a civil or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee." 28 U.S.C. § 1915(b)(4).

It appears that Thornton's appeal is taken in good faith. Thornton's prisoner trust account report shows an average monthly deposit of $27.67 and an average monthly balance of $358.69. Docket 47. This court grants Thornton leave to proceed in forma pauperis but requires him to pay an initial partial filing fee of **$71.74 (20 percent of his average monthly balance) by April 5, 2021.**

2

Thus, it is ORDERED:

1. That Thornton's motion for leave to proceed in forma pauperis on appeal (Docket 46) is granted. Thornton must make an initial partial filing fee of **$71.74 by April 5, 2021**, made payable to the Clerk of the U.S. District Court.

2. That the institution having custody of the Thornton is directed that whenever the amount in Thornton's trust account, exclusive of funds available to him in his frozen account, exceeds $10, monthly payments that equal 20 percent of the funds credited to the account the preceding month shall be forwarded to the United States District Court Clerk's office pursuant to 28 U.S.C. § 1915(b)(2), until the appellate filing fee of $505 is paid in full.

Dated: March 4, 2021

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE